IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jamie Anthony Quarles, | Civil Action No. 8:18-cv-3287-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Elizabeth Ables, | |
| Defendant. | |

This matter is before the court on Plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1983. ECF No. 13. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Kevin McDonald for pre-trial proceedings. On January 29, 2019, the Magistrate Judge issued a Report recommending this matter be summarily dismissed with prejudice and without issuance and service of process because Defendant is a Public Defender, who is not a state actor subject to 42 U.S.C. § 1983. ECF No. 17. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on February 6, 2019. ECF No. 19.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation the case be dismissed. As noted by the Magistrate Judge, a public defender is not a state actor under § 1983.[1] While Plaintiff argues in his objections he "didn't understand what to put about the color of the state or not," this matter is not subject to dismissal because Plaintiff incorrectly pleaded his case. Rather, it is because a public defender's employment relationship with the state is "insufficient to establish that a public defender acts under color of state law within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Plaintiff notes Defendant is not <u>his</u> public defender; however, that makes the alleged conduct more akin to private conduct not actionable under § 1983. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 ("[P]rivate conduct, however discriminatory or wrongful," is not actionable under § 1983.) Plaintiff has been afforded the opportunity to amend his Complaint, and has done so. However, it does not appear Plaintiff would be able to amend his Amended Complaint to allege any facts that would allow him to sue

---

[1] While the Magistrate Judge's Order affording Plaintiff an opportunity to amend his complaint acknowledged Ms. Ables is not Plaintiff's public defender (ECF No. 11 at 1), the Report states Ms. Ables is "his court-appointed public defender for his pending criminal charges." (ECF No. 17 at 2).

2

this Defendant under § 1983, therefore, dismissal with prejudice is appropriate. *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) ("Here, however, the district court already has afforded [Plaintiff] the opportunity to amend. Accordingly, we direct on remand that the district court, in its discretion, either afford [Plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order.").

Accordingly, the court adopts the Report as modified to indicate Defendant is not Plaintiff's court-appointed public defender. This matter is hereby dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
February 12, 2019